**JUSTIN R., by and through his mother JENNIFER R. and JENNIFER R., Plaintiffs–Appellants,**

v.

**Kathryn MATAYOSHI, in her official capacity as Superintendent of the Hawai'i Public Schools and State of Hawai'i Department of Education, Defendants–Appellees.**

No. 12–16048.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 19, 2014.

Filed March 10, 2014.

Irene Elizabeth Vasey, Law Office of Irene E. Vasey, Kaneohe, HI, for Plaintiffs–Appellants.

Gary Kam, Holly T. Shikada, Esquire, Deputy Assistant Attorney General, Gary S. Suganuma, Esquire, Deputy Attorney General, Office of The Hawaii Attorney General, Honolulu, HI, for Defendants–Appellees.

Before: HAWKINS, McKEOWN, and BEA, Circuit Judges.

## MEMORANDUM *

By and through his mother, Jennifer R., Justin R. (collectively, "Justin") appeals the district court's denial of attorney fees and costs based on its finding that Appellants lacked "prevailing party" status under the Individuals with Disabilities in Education Act's ("IDEA") attorney fees provision, 20 U.S.C. § 1415(i)(3). The denial followed litigation and a settlement reached with the Hawai'i Public Schools and the Hawai'i Department of Education (collectively, "Matayoshi"). We reverse and remand.

Under the IDEA, a district court, "in its discretion, may award reasonable attorney [ ] fees as part of the costs.... to a prevailing party who is the parent of a child with a disability[.]" 20 U.S.C. § 1415(i)(3)(B). *Buckhannon Board and Care Home, Inc. v. West Virginia Department of Health and Human Resources,* 532 U.S. 598, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001), teaches that to be a "prevailing party," a litigant must demonstrate it has obtained a judicially sanctioned material alteration of the parties' legal relationship. *"Buckhannon's* definition of 'prevailing party' applies to the IDEA's attorney[ ] fees provision[.]" *Shapiro ex rel. Shapiro v. Paradise Valley Unified Sch. Dist. No. 69,* 374 F.3d 857, 865 (9th Cir.2004).

The parties agree that their settlement agreement constitutes a material alteration of their legal relationship. *See also Rich-*

*ard S. v. Dep't of Developmental Servs. of State of California,* 317 F.3d 1080, 1087 (9th Cir.2003). *Barrios v. California Interscholastic Federation,* 277 F.3d 1128 (9th Cir.2002), *cert. denied,* 537 U.S. 820, 123 S.Ct. 98, 154 L.Ed.2d 28 (2002), answers the remaining question, whether there was sufficient judicial *imprimatur* over this alteration. *Barrios* holds that a plaintiff who enters into an enforceable private settlement agreement providing for judicial resolution of attorney fees is a "prevailing party." 277 F.3d at 1134. The *Barrios* court determined that the parties' settlement agreement possessed the requisite judicial *imprimatur* since, "in [it], [the parties] agreed that the district court would retain jurisdiction over the issue of attorney[ ] fees."[1] *Id.* at 1134 n. 5; *see Richard S.,* 317 F.3d at 1086–87.

As in *Barrios,* the parties agreed in the settlement agreement that the district court "shall retain jurisdiction to determine the issue of Plaintiffs' entitlement to reasonable attorney[ ] fees and costs, if any[.]"[2] In addition, the Stipulation and Order explicitly refers to the verbal settlement reached before a magistrate judge during a court-initiated settlement conference and reserves jurisdiction for the court to decide the attorney fees issue. Because the settlement agreement resulted in a material alteration of the parties' legal relationship and the Stipulation and Order and settlement agreement provided sufficient judicial *imprimatur,* Justin is the prevailing party under the IDEA's fee provision, 20 U.S.C. § 1415(i)(3)(B). *See Bar-*

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1. Contrary to Matayoshi's argument, the terms of the settlement in *Barrios* were not incorporated into the district court record. *See Barrios,* 277 F.3d at 1133.

2. As in this case, the settlement at issue in *Barrios* did not state the plaintiff was entitled to attorney fees; instead, the settlement reserved the issue of *"whether* any party" is a prevailing party entitled to attorney fees "for the Court to decide upon motion by any party." *Barrios,* 277 F.3d at 1133 (emphasis added).

*rios*, 277 F.3d 1128. Accordingly, we reverse and remand for the district court to determine the amount of fees and costs.

**REVERSED and REMANDED.**